581 P.2d 290

**The STATE of Arizona, Appellee,**

v.

**Jesus CASTANEDA, Jr., Appellant.**

**No. 2 CA–CR 1396.**

Court of Appeals of Arizona, Division 2.

June 28, 1978.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Robert Duber, II, Globe, for appellant.

## OPINION

HOWARD, Judge.

Pursuant to a guilty plea appellant was convicted by the court of aggravated assault and sentenced to the Arizona State Prison for a term of not less than nine nor more than 10 years.

The issue on appeal revolves around certain medical reports secured by the probation officer from the Arizona State Hospital. When the probation officer interviewed appellant for the purpose of making his presentence report, he had appellant execute a release of medical and psychological information so that he could obtain the report from the hospital relative to appellant's previous commitments. This was done without the knowledge or consent of appellant's attorney, but with the understanding between the probation officer and that appellant that it would not become part of the record and would be sealed. These reports, made by the chief psychiatrist of the maximum security division, were utilized by the probation officer in making his presentence report and were also given by him to the sentencing judge who read them.

Appellant now claims that they were secured in violation of his right to assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and that he had no opportunity to rebut their contents. We do not agree.

The trial court specifically asked appellant's counsel at the time of sentencing if he wished to see them. His counsel stated that he did not and agreed that they should be sealed.

The reports, the result of previous commitments by the court under the old criminal rule, Rule 250 of the Arizona Rules of Criminal Procedure and A.R.S. Sec. 13–1621, were for the purpose of determining appellant's ability to stand trial for previous offenses. Assuming, but not deciding that the interview by the probation officer was a critical stage of the proceedings entitling appellant to assistance of counsel, we find there was no denial of any right to assistance of counsel since the reports could have been secured without appellant's consent to waive the doctor-patient privilege.

A.R.S. Sec. 13–1621(J) which was in effect when appellant was admitted to the state hospital stated:

"In any of these proceedings, both the defendant and the state shall have the right to have the defendant examined by psychiatrists appointed by the court for the purpose of presenting testimony at any appropriate hearing. *Information obtained from the defendant under these provisions shall not be used against him at any trial in which his guilt or innocence is to be determined, unless the defendant consents.*" (Emphasis added)

Rule 11.7 of the Arizona Rules of Criminal Procedure has replaced A.R.S. Sec. 13–1621. It states:

"a. General Restriction. No evidence of any kind obtained under these provisions shall be admissible at *any proceeding to determine guilt or innocence* unless the defendant presents evidence intended to rebut the presumption of sanity.

b. Privileged Statements of Defendant.

(1) No statement of the defendant obtained under these provisions, or evidence resulting therefrom, concerning the events which form the basis of the charges against him shall be admissible *at the trial of guilt or innocence, or at any subsequent proceeding to determine guilt or innocence, without his consent.*

(2) No statement of the defendant or evidence resulting therefrom obtained under these provisions, concerning any other events or transactions, shall be admissible at *any proceeding to determine his guilt or innocence of criminal charges* based on such events or transactions." (Emphasis added)

The reports were not used here to determine appellant's guilt or innocence.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.